IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01682-RPM

BRADLEY G. HARRIS,

      Plaintiff,

v.

ABOUND SOLAR, INC.,

      Defendant.

---

ORDER ON MOTIONS FOR SUMMARY JUDGMENT

---

The principal question presented by the defendant's motion for summary judgment is whether the plaintiff, Bradley G. Harris, has shown sufficient evidence to warrant jury trial on his claim that his contractual employment with Abound Solar, Inc. was terminated in retaliation for his opposition to the decision to discharge Susan Strating by warning Pascal Noronha, the chief executive officer, that the decision was a violation of the prohibitions of age and sex discrimination in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Because the answer is in the affirmative, it is not necessary to discuss all of the conflicting evidence presented by the parties in the papers filed in support of and opposition to the defendant's motion.

It is appropriate to comment on the defendant's legal argument that because Mr. Harris was acting in his role as vice president of human resources, his vocal opposition and statements made to Mr. Noronha and the company's other officers as well as an outside labor law attorney was not protected activity under section 2000e-3(a), citing the Tenth Circuit Court's opinion in *McKenzie v. Remberg's, Inc.*, 94 F.3d 1478, 1486 (10th Cir. 1996), in support.

That case was decided under the comparable provision of the Fair Labor Standards Act. In addressing this issue, this Court is guided by the Supreme Court's expansive view of the opposition clause of the statute expressed in *Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 555 U.S. 271 (2009).

Abound Solar, Inc. also seeks of dismissal of plaintiff's claim for defamation in the response to a request for information made by a prospective employer. It is not disputed that Rebecca Morris, the defendant's Human Resources' coordinator, reported that Mr. Harris had filed suit and the suit was dismissed. It is assumed that the plaintiff could prove that the prospective employer withdrew an offer of employment because of that statement, which was incorrect in that at the time of the response Mr. Harris had made a claim of discrimination to the EEOC but had not yet filed a legal action. The plaintiff contends that this was a false statement maliciously made to prevent the prospective employment. There is insufficient evidence to support that necessary element of a defamation claim where the statement is substantially true and is subject to a qualified privilege under Colorado law.

The plaintiff has moved for summary judgment seeking dismissal of defendant's counterclaims for breach of fiduciary duty, breach of contract and misappropriation of confidential information. These claims were not a basis for the termination decision which the defendant claims was a reduction in force pursuant to a reorganization of the Human Resources Department, but they are asserted as support for the application of the after acquired-evidence doctrine, limiting the plaintiff's damages for the Title VII violation and as a basis for affirmative relief for damages.

It is not clear from the material presented what damages the defendant can prove but at this stage of the proceeding, dismissal for lack of sufficient evidence of damages would be inappropriate. The evidence that may support these counterclaims is relevant to the question of whether Mr. Harris would

have been fired for cause under the terms of his contract and, therefore, a ruling on summary judgment would not change the scope of the evidence to be admitted at trial.

Accordingly it is now

ORDERED that the defendant's motion for summary judgment of dismissal of the plaintiff's claim for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, is denied.  It is

FURTHER ORDERED that the defendant's motion for summary judgment of dismissal is granted as to the plaintiff's claim for defamation.  It is

FURTHER ORDERED that the plaintiff's motion for summary judgment on defendant's counterclaims, is denied.

Dated:  May 29 , 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge